OPINION
Plaintiff-appellant Connie J. Eichar appeals from the September 18, 1998, Judgment Entry of the Richland County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Randall Eichar.
 STATEMENT OF THE FACTS AND CASE
Appellant Connie J. Eichar and appellee Randall L. Eichar were married in 1984. On July 21, 1994, appellant filed a complaint for a divorce against appellee. Pursuant to a Judgment Entry/Final Decree of Divorce filed on October 4, 1995, the parties were granted a divorce. While appellant was designated the residential parent and legal custodian of the parties' two minor children, appellee was granted companionship with the children "so long as said companionship is exercised at all times separate and apart from the Defendant's other minor children of a prior relationship." On July 30, 1997, appellant filed a "Motion Citing Defendant in Contempt of the Prior Orders of Court, Motion to Modify Companionship and for Other Relief." Appellant, in her motion, alleged, in part, that appellee had intentionally violated the prior court order restricting him from exercising companionship with the parties' minor children when the minor children from his previous marriage were present. Appellant also moved for a modification of the companionship order, alleging that it was "no longer in the best interest of the children to continue to exercise Rule 24 companionship" with appellee. A hearing on appellant's Motion for Contempt was scheduled for September 12, 1997. Appellee, on September 11, 1997, filed a motion requesting that the parties' minor children be permitted to be around appellee's daughters from his previous marriage. On October 15, 1997, the trial court interviewed the parties' two minor children. Pursuant to an agreed Judgment Entry filed on November 25, 1997, the trial court revised appellee's companionship with the parties' two minor children and ordered that appellee set up evaluations, at his own expense, for himself, appellant and the minor children prior to November 15, 1997. The evaluations were to be completed by January 16, 1998. The trial court, in its entry, also scheduled a review hearing for January 16, 1998, to "hear all aspects of the Motions filed by the parties". After appellee had not completed the psychological assessment as previously ordered by the court, the parties, pursuant to a Judgment Entry filed on February 11, 1998, agreed that they would "attend, participate and cooperate in all matters in the evaluation with Dr. Brent of Ashland, Ohio." The parties also agreed that until appellee's evaluation was completed and available, there would be no companionship between appellee and the minor children. In that entry, a pre-trial was set for March 27, 1998, and a final hearing was set for April 1, 1998. The final hearing was continued by the trial court from "a full-day final hearing" on April 1, 1998, at 8:30 A.M. to Wednesday, April 22, 1998, at 8:30 A.M. (See 2/10/98 notice sent by trial court and 2/11/98 Judgment Entry.) Psychologicals were to be completed by the March 27, 1998, pre-trial. (See 2/11/98 agreed entry of parties.) The case sub judice subsequently was scheduled for a status conference before the trial court on July 30, 1998, and a status conference was held on that date. Pursuant to a Judgment Entry filed on September 18, 1998, the trial court, sua sponte, granted appellee limited, supervised companionship under specified conditions. In its September 18, 1998, order, the trial court stated, in part, as follows:
 "1. Defendant shall be entitled to limited supervised, companionship with the minor children herein, said supervision to be provided by a third party who is a non-family member, for a period of 1-1/2 hours per week. . . . . . .
 2. This limited, supervised companionship shall be exercised under the following conditions. a. Defendant shall not discipline the children in any fashion . . . . b. Defendant shall not force the minor children to participate in . . . . anything they do not want to do . . . .
 3. Companionship shall not commence until defendant enrolls in counseling and has attended at least three (3) sessions, in good faith and with full participation, with confirmation of the same from the counselor selected herein and prior approval of the court.
 4. Said counseling shall be conducted by a counselor that the Court will approve, the Court recommending participation in counseling with Steven Burggarf or someone of similar qualifications.
5. Said counseling shall be at defendant's expense.
 6. If the counselor requests participation by the children or plaintiff in the counseling, said counseling shall not commence without determination of payment of costs through Plaintiff's insurance company, with the costs for counseling subject to re-assessment to determine payment through insurance provided by plaintiff.
 7. The Court shall review the companionship order issued herein eight (8) weeks after said companionship has commenced.
 8. Defendant's right to companionship with the minor children is expressly conditioned upon the defendant's continuing in counseling, with good faith and full participation therein."
(Emphasis added).
It is from the above September 18, 1998, Judgment Entry that appellant prosecutes her appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT MODIFIED THE COMPANIONSHIP RIGHTS OF APPELLEE-FATHER AS A RESULT OF A CONTEMPT STATUS REVIEW HEARING WHEN THERE WAS NO NOTICE THAT SUCH MATTERS WERE TO BE CONSIDERED AND WHEN THE APPELLANT WAS DENIED HER RIGHT TO PROCEDURAL DUE PROCESS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE COMPANIONSHIP RIGHTS OF APPELLEE-FATHER WHEN NO EVIDENCE WAS PROVIDED DEMONSTRATING A SAID MODIFICATION WOULD BE IN THE BEST INTEREST OF THE MINOR CHILDREN AND ALL FACTORS REQUIRED BY LAW WERE CONSIDERED PRIOR TO SAID MODIFICATION.
While we agree with appellant that the trial court should hold an evidentiary hearing before modifying companionship if there is a dispute as to material facts, and the trial court should give parties adequate notice of that hearing, we conclude that appellant's appeal must be dismissed for lack of a final appealable order. R.C. 2505.02(B) defines a final order as including an order made in a special proceeding which affects a substantial right or an order that affects a substantial right in an action that in effect determines the action and prevents a judgment. See R.C. 2505.02(B)(1) and (2). Divorce and related proceedings to determine custody constitute special proceedings within the meaning of R.C. 2505.02(B)(2). State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379. However, no substantial right has been affected in this case. The trial court, in its September 18, 1998, Judgment Entry, set forth limited supervised visitation (after appellee had attended three counseling sessions.) and specifically stated "the court shall review the companionship order issued herein eight (8) weeks after said companionship has commenced." Moreover, at the July 30, 1998, status conference, the trial court stated that "the matter will be reviewed in eight weeks where I will have the opportunities to inquire of all of you, and including children and therapists or counselors . . . to get some view as to how this is going." Transcript of July 30, 1998, Proceedings at 5. The trial court's grant of companionship to appellee was therefore, temporary, and subject to modification in the future after the trial court reviewed information from children, counselors and parties. In addition, the court never specifically ruled on the pending cross-motions for modified companionship. Therefore, we find that a short-term restricted companionship schedule, subject to review by the trial court in eight weeks, accompanied by orders for the appellee to attend three counseling sessions prior to commencement of companionship is not an order affecting substantial rights under the circumstances of this case. Since no substantial right has been affected by the trial court's order and since the order issued by the trial court does not determine the action below, it is not a final appealable order within the definition of R.C. 2502.02. We do want to make it clear, however, that the parties are entitled to an evidentiary hearing on any disputed material issues regarding their cross-motions for companionship, including the right to cross examine counselors and/or psychologists who are making recommendations to the trial court. The trial court must also provide adequate notice to the parties which shall include a date and time of the next hearing, an opportunity to prepare for that hearing, a description of which pending motions are going to be addressed and the nature of the hearing (status call, motion hearing, evidentiary).
Since this court, therefore, does not have jurisdiction to hear the instant appeal, appellant's appeal is dismissed.
Edwards, J. Wise, P.J. and Gwin, J. concur.